UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

KELLY JONES, et al.,

                Plaintiffs,

    vs.

UNITED STATES OF AMERICA,

                Defendant.

CIV. NO. 26-00327 LEK-KJM

**DECISION**

A non-jury trial was conducted on July 7, 2026 in this tort action brought pursuant to the Federal Tort Claims Act ("FTCA"), Title 28 United States Code Sections 1346, 2671-80. The non-jury trial was conducted according to the procedures set forth in the Stipulated Schedule and Fast Track Trial Process, which was approved and filed by the magistrate judge on February 25, 2026 ("2/25/26 Stipulation and Order"),[1] [dkt. no. 682]. The parties designated three individuals as Fast Track Trial Plaintiffs for the July 7, 2026 Fast Track Trial, but only

---

[1] In the 2/25/26 Stipulation and Order, the parties agreed to procedures that would streamline and expedite the trial process ("Fast Track Trial Process") and agreed to try some of the plaintiffs' ("Fast Track Trial Plaintiffs") claims through trials that would be held pursuant to the Fast Track Trial Process ("Fast Track Trials"). [2/25/26 Stip. & Order at ¶¶ 4-5.] "There are hundreds of additional Red Hill claimants . . . ." Fifth Amended Complaint, filed 12/1/23 (dkt. no. 210), at pg. i n.1; see id., Attachment 1 (List of Plaintiffs).

Fast Track Trial Plaintiff Kelly Jones ("Jones") proceeded to trial. See Order Severing Certain Plaintiffs and Opening New Civil Cases (July 7, 2026 Fast Track Trial Plaintiffs), filed 6/25/26 (dkt. no. 791), at 2 & n.2.

The Court makes the following Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). Any finding of fact that should more properly be deemed a conclusion of law and any conclusion of law that should more properly be deemed a finding of fact shall be so construed.

## BACKGROUND

This is a negligence case involving personal injuries allegedly sustained from ingesting and being exposed to drinking water that was contaminated by jet fuel at Joint Base Pearl Harbor Hickam ("JBPHH"). The Court previously found and concluded, by a preponderance of the evidence, that Defendant United States of America ("United States") is liable under the FTCA and the applicable Hawai`i law. See Findings of Fact and Conclusions of Law, filed 8/7/25 (dkt. no. 633) ("Bellwether FOFCOL"), at 161, ¶ 2 (some citations omitted) (citing 28 U.S.C. § 1346(b)(1) (directing that liability is determined "in accordance with the law of the place where the act or omission

occurred")).[2] The Court applied Hawai`i substantive law and federal procedural law to evaluate the claims of seventeen individuals - designated by the parties as bellwether plaintiffs ("Bellwether Plaintiffs") - against the United States. See Bellwether FOFCOL, 2025 WL 2254119, at *1; id. at *57 (citing Taylor v. United States, 821 F.2d 1428, 1430, 1432 (9th Cir. 1987); 28 U.S.C. §§ 1346, 2674).

The Court's findings and conclusions establishing the United States' liability are binding on the parties under the doctrine of res judicata as applied by Hawai`i courts and by the parties' agreement. See Hedrington v. United States, 176 F.4th 1177, 1180 (9th Cir. 2026); McShane v. Dep't of Parks & Recreation, Civ. No. 20-00244-ACK-WRP, 2021 WL 2582810, at *10 (D. Hawai`i June 23, 2021) (applying Hawai`i's res judicata rules); 2/25/26 Stip. and Order at ¶¶ 32.a.ii, 32.b.iii. The Court's findings are also binding on the parties under the law of the case doctrine, see Askins v. U.S. Dep't of Homeland Sec., 899 F.3d 1035, 1042 (9th Cir. 2018); cf. In re Flint Water Cases, 752 F. Supp. 3d 832, 862 (E.D. Mich. 2024) (granting in part the defendant's motion for partial summary judgment on the

---

[2] The Court's Bellwether FOFCOL is also available at 2025 WL 2254119. An appeal of the Court's Bellwether FOFCOL and its Order and Final Judgment, [filed 9/9/25 (dkt. no. 636),] is pending before the Ninth Circuit Court of Appeals. See Notice of Appeal, filed 11/10/25 (dkt. no. 650).

issue of legal duty owed to the plaintiffs by non-parties on the ground that the plaintiffs' arguments and the district court's rulings on the motion for summary judgment did not provide the district court any reason to depart from its ruling in a prior bellwether trial).

The Court also previously determined that expert testimony evidence supported a finding of generic causation: that the chemicals contained in the Fuel Release[3] had the capacity to cause the harm alleged by the Bellwether Plaintiffs. See Bellwether FOFCOL, 2025 WL 2254119, at *3. It also found that Hawai`i law requires a plaintiff to prove legal causation in negligence cases; specifically, that a defendant's conduct was a substantial factor in causing a plaintiff's injuries. See id. at *58 (quoting Est. of Frey v. Mastroianni, 146 Hawai`i 540, 550, 463 P.3d 1197, 1207 (2020) (describing the first step of the two-step analysis in determining legal cause)). The Court noted that there is no controlling Hawai`i law specifically addressing the test for legal causation in toxic tort cases. It therefore predicted that the Hawai`i Supreme Court would hold that the same test applied in medical negligence cases would

---

[3] Terms not defined in the instant Order are defined in the Court's Bellwether FOFCOL. See, e.g., Bellwether FOFCOL, 2025 WL 2254119, at *2 (defining Fuel Release in paragraph 5 of the Findings of Fact).

extend to toxic tort actions and that expert testimony is required to prove causation. See id.

Thus, the issue in the instant trial is whether Jones has shown by a preponderance of the evidence that the jet fuel contamination of the JBPHH water supply was a legal cause of her illness and of her pain and suffering. She has not.

## FINDINGS OF FACT[4]

At the time of the November 2021 fuel release, Jones was visiting Kaitlyn Rocheleau ("Rocheleau"), her friend who resided in JBPHH military housing at 1973 Kirkpatrick Loop, Honolulu, Hawai`i. [Declaration of Kaitlyn Rocheleau ("Rocheleau Decl."), filed 6/18/26 (dkt. no. 781), at ¶¶ 3, 6.] Jones arrived in Hawai`i on November 22, 2021; she departed on November 29, 2021. [Declaration of Plaintiff Kelly Jones ("Jones Decl."), filed 6/18/26 (dkt. no. 780), at ¶¶ 5, 15.] Starting on November 25, 2021, Jones became ill with gastrointestinal issues and symptoms, including diarrhea and abdominal pain. She also experienced headaches, nausea, dizziness, muscle aches, fatigue,

---

[4] The parties agreed that paragraphs 1 through 18 and paragraphs 493 through 505 of the Findings of Fact of the Court's Bellwether FOFCOL would apply to and bind the Fast Track Trial Plaintiffs, including Jones. See 2/25/26 Stip. and Order at ¶ 32.a.i-ii. The instant Decision incorporates by reference and adopts paragraphs 1 through 18 and paragraphs 493 through 505 of the Findings of Fact of the Court's Bellwether FOFCOL as findings of fact that apply in this action.

difficulty breathing, coughing, and burning in her throat and nose. [Id. at ¶¶ 7-8, 34.]

The evidence establishes that Jones's sole source of drinking water at the Rocheleau household was the Menehune Water bottled water service, which the Rocheleau family utilized since they moved to Hawai`i. Tap water from the JBPHH waterline was used by the Rocheleau family for cooking, making ice, brushing teeth, bathing, showering, and laundry. See Rocheleau Decl. at ¶ 4. Jones drank water from cups that she filled with ice made in the Rocheleau household's refrigerator, and that ice was made with water from the JBPHH waterline. See, e.g., Transcript of Nonjury Trial, filed 7/13/26 (dkt. no. 807) ("Trial Trans."), at 29-30, 49, 63; Rocheleau Decl. at ¶ 13. Jones stopped using the ice on November 26, 2021. See Trial Trans. at 68-69. The Court finds that the melted ice in the cups of bottled water that Jones drank between November 22, 2021 and November 26, 2021 is the exclusive means by which Jones ingested water from the JBPHH waterline.

Jones's trial testimony about her use of the ice differed materially from her prior sworn testimony during her deposition. At trial, Jones testified that: the cup she used was a thirty-two-ounce cup; that she filled the cup to the top with ice and then added water; that the ice was crescent-shaped; that twenty to twenty-five cubes filled the cup; that the ice was

fully melted by the time she finished the cup, after which she refilled the cup with ice and water; and that she drank two to three of those cups each day, because she tried to drink at least sixty-four ounces of water each day. See id. at 63-66. Jones did not give any of that testimony in her declaration, which the Court received as her direct testimony. See generally Jones Decl. When Jones was asked at her deposition how much ice she put in a glass of water, she testified that she used approximately five to ten cubes. See Trial Trans. at 73.

The Court does not find Jones's testimony at trial about the quantity of ice that she used to be credible. Jones's testimony about the size of the cup, the number of ice cubes in each cup, the number of cups that she drank each day, that the ice melted completely, and that she drank the melted ice water is significant information. Jones had a full opportunity to give that testimony at her deposition and in her declaration. She did neither. Further, at the parties' July 1, 2026 Final Pretrial Conference, the Court directed Jones to "present specific evidence establishing causation, including evidence connecting the alleged exposure to the claimed injuries and the extent of the alleged exposure." [Minutes – EP: Final Pretrial Conference, filed 7/1/26 (dkt. no. 797), at PageID.47458.] The details described above were offered only after the Court identified causation as a relevant issue. Indeed, the quantity of ice that

7

Jones described at trial as having ingested is approximately three times the quantity that she described at her deposition. Thus, the Court finds that Jones's trial testimony as to the amount of ice that she used, and as to the amount of melted ice water that she drank, is not credible.

What remains is Jones's deposition testimony that she put approximately five to ten ice cubes in her cup of bottled water. There is no evidence of how much of that ice melted before Jones finished a cup or how much water the melted ice produced. Nor did Jones provide expert testimony addressing how much ice melted in her drinking water or how many contaminants the ice could contain, if any.[5] The Court therefore finds that there is no credible evidence that Jones consumed water from the JBPHH waterline in an amount that exposed her to the chemicals contained in the Fuel Release.

Jones also relies on her use of the water for showering and bathing. The Court accepts that Jones showered on each day of her visit and that she took a bath on November 25, 2021. See Trial Trans. at 67-68. Showering and bathing are not means of ingestion, however, and nothing in the record connects them to the gastrointestinal symptoms that Jones attributes to

---

[5] To be clear, Jones agreed to forgo, *inter alia*, the submission of "any additional expert testimony," at the July 7, 2026 Fast Track Trial. See 2/25/26 Stip. and Order at ¶ 33.c.

the Fuel Release. Rocheleau does not recall if Jones reported any skin irritation, redness in the eyes, or burning at any point during her stay, although Jones did report feeling pain, see id. at 34-35, she did not seek medical attention while she was in Hawai`i, see id. at 52, and there are no medical records establishing that her symptoms were caused by showering. That record stands in contrast to the evidence presented during the bellwether trial, in which the bellwether plaintiffs described burning skin, redness, and comparable reactions after bathing in the contaminated water. See, e.g., Bellwether FOFCOL, 2025 WL 2254119, at *5 (describing one bellwether plaintiff's rashes and eye irritation after showering). The Court therefore finds that there is no credible evidence that Jones's showering and bathing caused, or contributed to, her symptoms, and that neither her showering nor bathing can serve as a basis for a finding of causation.

Jones's assertion that she was exposed to contaminants through food prepared with water from the JBPHH waterline fares no better. Jones gave no testimony at trial identifying any meal that she ate that was prepared with water from the JBPHH waterline. Rather, Jones and the Rocheleau household ate at restaurants for nearly every meal during Jones's visit: dinner at a brewery on the evening she arrived, [Trial Trans. at 17,] a meal at a shrimp truck on November 23, 2021, [id. at 48,] dinner

at a sushi restaurant on November 24, 2021, [id. at 18,] and poke for lunch on November 28, 2021, [id. at 53]. The only meal shown to have been prepared at the Rocheleau residence was the dinner that Rocheleau's mother made on the evening of November 23, 2021, and there is no evidence describing that meal or establishing that water from the JBPHH waterline was used to prepare it. See id. at 48. The Court therefore does not find credible Jones's assertion that she was exposed to the contaminated water through food cooked in it.[6]

### CONCLUSIONS OF LAW[7]

The Court is sympathetic to Jones but is nevertheless bound to hold her to the legal obligation to prove by a preponderance of the evidence that the Fuel Release is a legal cause of her injury. Although the Court has found that Jones failed to present credible evidence to support a judgment in her favor, it is not concluding that her medical conditions or ailments do not or did not exist. Rather, the Court's findings

---

[6] Jones claims to have ingested water through brushing teeth, see Jones Decl. at ¶ 6, but this testimony, without more, is insufficient to Jones's burden to establish causation.

[7] The parties agreed paragraphs 1 through 27 of the Conclusions of Law of the Court's Bellwether FOFCOL would apply to and bind the Fast Track Trial Plaintiffs, including Jones. See 2/25/26 Stipulation and Order at ¶ 32.b. The instant Decision incorporates by reference and adopts paragraphs 1 through 27 of the Conclusions of Law of the Court's Bellwether FOFCOL as conclusions of law that apply in this action.

reflect that mere correlation does not carry Jones's legal burden of proving causation. While causation and correlation can exist simultaneously, correlation alone is insufficient to carry a plaintiff's burden to establish causation, where a court finds a lack of credible evidence establishing a causal relationship between exposure to toxins and the occurrence of disease. See Cho v. State, 115 Hawai`i 373, 393-94, 168 P.3d 17, 37-38 (2007) (holding that the petitioners failed to meet their burden with respect to the causation element of negligence and refraining from interfering with the trial court's determination of the witness's credibility).

Because Jones did not drink water from the JBPHH waterline, and because her exposure to the jet fuel contaminated water was limited to an unquantified amount of melted ice and to use in cooking, bathing, and brushing teeth; see, e.g., Jones Decl. at ¶ 6; Rocheleau Decl. at ¶ 13; expert testimony was required to prove that exposure via ice cubes in drinks, cooking water, bathing, brushing teeth, and wearing or using clothing or items laundered in water from the JBPHH waterline specifically can cause gastrointestinal distress and the other symptoms that she had starting on November 25, 2021. None of the medical information provided by Jones supports such a finding. Therefore, the Court finds and concludes that there is a lack of credible evidence establishing a causal relationship between

exposure to the water from the JBPHH waterline and Jones's illness.

**<u>CONCLUSION</u>**

Because Jones failed to meet her burden of establishing by a preponderance of the evidence a causal relationship between exposure to the water from the JBPHH waterline and her illness, Jones's claims fail. The Court therefore concludes that the United States is entitled to judgment as to all of Jones's claims. The Clerk's Office is directed to enter judgment in favor of the United States as to all of Jones's claims.

DATED AT HONOLULU, HAWAII, August 3, 2026.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**KELLY JONES, ET AL. VS. UNITED STATES OF AMERICA; CV 26-00327 LEK-KJM; DECISION**